UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY CAMERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00973-JMS-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Vacate, Set Aside, or Correct Sentence
and Denying Certificate of Appealability**

Petitioner Terry Cameron has filed a motion to vacate, set aside, or correct sentence under

28 U.S.C. § 2255. For the reasons explained in this Order, the motion is dismissed with prejudice.

In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

*States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On May 9, 2017, Mr. Cameron was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). *United States v. Cameron*, No. 1:17-cr-00081-JMS-TAB-1 (S.D. Ind.) ("Crim. Dkt."), dkt. 1. Mr. Cameron filed a petition to enter a plea of guilty that recognized he was subject to "a minimum term of imprisonment of 15 years."[1] Crim. Dkt. 37 at ¶ 4. He identified the rights he waived by pleading guilty and verified that he pleaded guilty "freely and voluntarily and of [his] own accord." *Id.* at ¶¶ 6, 10.

A presentence investigation report ("PSR") was prepared before Mr. Cameron's change of plea and sentencing hearing. Crim. Dkt. 38. According to the PSR, Mr. Cameron's prior convictions included:

1. Robbery (2 counts); Marion County, Indiana; February 1981; 20 years' imprisonment

2. Robbery; Marion County, Indiana; May 1981; 10 years' imprisonment

3. Battery; Marion County, Indiana; July 1981; 2 years' imprisonment

4. Attempted robbery; Clayton, Missouri; June 2005; 11 years' imprisonment

5. Burglary; Clayton, Missouri; June 2005; 11 years' imprisonment

6. Felon in possession of a firearm; July 2006; Eastern District of Missouri; 5 years' imprisonment

*Id.* at ¶¶ 25-35. Based on these prior convictions, the PSR concluded that Mr. Cameron was an armed career criminal. *Id.* at ¶ 37.

---

[1] Prior to this petition to enter a plea of guilty, Mr. Cameron executed a plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 20. The earlier plea agreement stated that Mr. Cameron's offense was "punishable by no more than ten (10) years' imprisonment." *Id.* at ¶ 2. This statement of the potential penalties was incorrect as it did not reflect the enhanced penalties outlined in the Armed Career Criminal Act, 18 U.S.C. § 924(e).

The Court conducted a change of plea and sentencing hearing on July 17, 2018. Crim. Dkt. 39 (minute entry); Crim. Dkt. 52 (transcript). After engaging in an extensive colloquy with Mr. Cameron, the Court accepted his guilty plea. Crim. Dkt. 52 at 23. During the sentencing phase of the hearing, the Court acknowledged that Mr. Cameron had three prior felony convictions for robbery and one prior felony conviction for burglary that made him subject to the enhanced sentencing provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id.* at 31. It imposed the mandatory minimum term of 180 months' imprisonment, to be followed by three years' supervised release. *Id.* at 55-58; Crim. Dkt. 40. Mr. Cameron did not appeal his conviction or sentence.

In March 2019, Cameron filed this § 2255 motion. Dkt. 1, 2. Although he presented only one argument in his § 2255 motion, he raised several additional arguments in his reply brief. Dkt. 18. The Court ordered the United States to address these arguments, dkt. 20, and the United States complied, dkt. 29.

### III. Discussion

In his § 2255 motion, Mr. Cameron argues that he received ineffective assistance of counsel when counsel failed to challenge the applicability of the ACCA. *See* dkt. 2. He asserts that counsel should have argued that the 2005 burglary conviction did not constitute a violent felony. *Id.* Mr. Cameron presents several additional arguments in his reply brief: (1) his 2005 attempted robbery conviction is not a violent felony; (2) his February 1981 and May 1981 robbery convictions in Indiana do not qualify as violent felonies; (3) his two Indiana robbery convictions are not separate offenses for purposes of the ACCA; and (4) his guilty plea and sentence should be vacated because the indictment failed to include all of the elements of a § 922(g) offense in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Although the United States contends that Mr. Cameron has waived

3

any arguments raised for the first time in his reply brief, dkt. 29 at 4-5, the Court will exercise its

discretion and address the arguments on their merits despite the waiver.

**A. Armed Career Criminal Act**

Typically, a conviction for being a felon in possession of a firearm carries a 10-year

maximum penalty. 18 U.S.C. §§ 922(g), 924(a)(2). However, the ACCA prescribes a mandatory

minimum sentence of 15 years' imprisonment if a defendant "has three previous convictions . . .

for a violent felony or a serious drug offense, or both, committed on occasions different from one

another." 18 U.S.C. § 924(e)(1). Mr. Cameron's challenges to the applicability of the ACCA fall

into two main arguments: (1) several of his prior convictions no longer constitute violent felonies[2];

and (2) his two Indiana robbery convictions were not committed on different occasions.

*1. Violent Felony*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term

exceeding one year" that (1) "has as an element the use, attempted use or threatened use of physical

force against the person of another;" (2) "is burglary, arson, or extortion, [or] involves the use of

explosives;" or (3) "otherwise involves conduct that presents a serious potential risk of physical

injury to another." 18 U.S.C. § 924(e)(2)(B). These three "clauses" are respectively known as

(1) the elements clause, (2) the enumerated clause, and (3) the residual clause.

In 2015, the Supreme Court held that the residual clause of the ACCA was

unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 597 (2015). Therefore, if a prior

conviction is not a serious drug offense and does not fall within the enumerated clause, it

constitutes a "violent felony" for purposes of the ACCA only if it satisfies the elements clause.

---

[2] Although Mr. Cameron presents his challenge to whether his prior convictions constitute violent
felonies in the context of an ineffective assistance of counsel claim, *see* dkt. 2, the Court construes
his argument as asserting that he is actually innocent of the ACCA sentence enhancement.

*Portee v. United States*, 941 F.3d 263, 266 (7th Cir. 2019). Courts apply a categorical approach to determine if a prior conviction satisfies the elements clause. *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016).

A conviction for Indiana robbery qualifies as a violent felony under the elements clause. *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016). Mr. Cameron therefore has at least two prior convictions for a violent felony, one from February 1981 and a second from May 1981. *See* Crim. Dkt. 38 at ¶¶ 26, 27.

A conviction for Missouri attempted robbery also qualifies as a violent felony under the elements clause. *United States v. Witherspoon*, 974 F.3d 876, 879-80 (8th Cir. 2020). Although Mr. Cameron asserts that attempted robbery cannot qualify as a violent felony because it is an inchoate offense, dkt. 18 at 1, "[w]hen a substantive offense would be a violent felony under [the ACCA], an attempt to commit that offense also is a violent felony," *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017); *see also United States v. Shine*, 910 F.3d 1061, 1063 (8th Cir. 2018) (conviction for Missouri attempted first-degree robbery qualified as crime of violence under Sentencing Guidelines).

Mr. Cameron has three prior convictions that qualify as violent felonies for purposes of the ACCA—his two Indiana robbery convictions and his Missouri attempted robbery conviction. Because he has three qualifying convictions, the Court need not consider his argument that his Missouri burglary conviction no longer qualifies as a violent felony. Because the Court relies on Mr. Cameron's two Indiana robbery convictions, it will need to consider his contention that these offenses constitute only one prior conviction because they were not separate offenses as required by the ACCA.

*2. Different Occasions*

Mr. Cameron asserts that his Indiana robbery convictions are not separate qualifying violent felonies because the state court consolidated them at sentencing and imposed a single sentence. Dkt. 18 at 3. As noted above, to qualify for the enhanced sentencing provisions of the ACCA, Mr. Cameron's prior offenses must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

"[A] defendant will be subject to the ACCA enhancement if each of [his] prior convictions arose out of a *separate and distinct criminal episode*." *United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012). "Factors relevant to that assessment include the nature of the crimes, the identities of the victims, and the locations where the crimes took place." *Id.* Although "timing is a relevant consideration, . . . [w]hat really matters . . . is the opportunity of the perpetrator to terminate his wrongdoing." *Id.* The Court's inquiry "is simple: were the crimes *simultaneous* or were they *sequential*?" *United States v. Hudspeth*, 42 F.3d 1015, 1021 (7th Cir. 1994) (en banc).

The PSR provides sufficient information for the Court to conclude that Mr. Cameron's 1981 Indiana robbery convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e). One robbery occurred on October 25, 1980, at a convenience store and was committed by Mr. Cameron and Mark Coleman. Crim. Dkt. 38 at ¶ 27. The second robbery occurred on November 2, 1980, at a fast-food restaurant and was committed by Mr. Cameron, Terry Brown, and Ronald Clay. Even though the nature of the two crimes was similar, the locations and victims of the crimes were different. Mr. Cameron also committed the crimes with different individuals. Additionally, several days passed between the two crimes. These facts show that Mr. Cameron "had an opportunity after each [crime] to contemplate what he was doing and abandon his course of criminal conduct." *Elliott*, 703 F.3d at 384. The differences between the two crimes demonstrate

that they were sequential, not simultaneous, and thus were committed on different occasions for purposes of the ACCA. *See id.* (concluding that three prior burglaries occurred on different occasions because they "involved different victims and different homes" and "took place over the course of five days").

Mr. Cameron has three prior convictions for violent felonies that occurred on different occasions. He therefore still qualifies for the enhanced sentencing provisions of the ACCA and is not entitled to habeas relief on this basis.

**B. *Rehaif* Claim**

Mr. Cameron also argues that, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea and sentence should be vacated because the indictment did not allege that he knew he was prohibited from possessing a firearm due to his status as a felon. Dkt. 18 at 4-5. The United States argues that Mr. Cameron has waived this claim,[3] that he procedurally defaulted this claim, and that the claim fails on its merits. Dkt. 29 at 15-29.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Mr. Cameron knew, at the time of the offense, he had "been

---

[3] The United States' argument that Mr. Cameron waived any *Rehaif* claim is meritless. Although Mr. Cameron signed a plea agreement that included a waiver precluding him from challenging his conviction or sentence under § 2255, *see* Crim. Dkt. 20 at ¶ 25, he later executed a petition to enter a plea of guilty that did not include a plea agreement, *see* Crim. Dkt. 37. The Court did not discuss the earlier plea agreement or a waiver of Mr. Cameron's rights under § 2255 at the change of plea and sentencing hearing. Crim. Dkt. 52.

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). However, when a defendant seeks to invalidate his guilty plea on the basis of a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.*

Mr. Cameron has not shown a reasonable probability that he would not have pleaded guilty. First, at the change of plea hearing, Mr. Cameron admitted that he had been convicted of at least five felonies before he possessed the firearm. Crim. Dkt. 52 at 6-7. One of these prior felony convictions was for being a felon in possession of a firearm. *Id.* at 6. Because of this admission, it would be difficult for Mr. Cameron to assert that he did not know of his status as a convicted felon and argue that the United States could not establish that element beyond a reasonable doubt. Additionally, the PSR identified several additional felony convictions not specifically mentioned at the change of plea hearing. Crim. Dkt. 38 at ¶¶ 25-35. In light of Mr. Cameron's admission at the change of plea hearing and his other felony convictions, Mr. Cameron cannot genuinely argue now that he would not have pleaded guilty had he known of the knowledge of status element discussed in *Rehaif*.

Because Mr. Cameron cannot establish a reasonable probability that he would not have pleaded guilty, Mr. Cameron is not entitled to relief on this basis under § 2255.

## IV. Conclusion

For the reasons explained in this Order, Mr. Cameron is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a**

**copy of this Order in 1:17-cr-00081-JMS-TAB-1**. The motion to vacate, dkt. [47], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Cameron has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Date: 6/28/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY CAMERON
33233-044
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov